IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-1251 |
| v. | ) ) | Judge Cathy Bissoon |
| PEDIATRIC ASSOCIATES OF WESTMORELAND, LTD., AMY N. KING, an interested party and TAYLOUR RICHTER, as an interested party, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

I. **Memorandum**

Defendant Pediatric Associates of Westmoreland, Ltd.'s ("PAW") Motion to Dismiss or in the Alternative Remand to State Court ("Def. MTD/MTR," or "Motion to Dismiss/Remand," Doc. 20) will be denied.

Plaintiff filed a Second Amended Complaint ("SAC," Doc. 14-1) seeking declaratory judgment that it does not owe PAW a defense or indemnity with respect to an underlying state court lawsuit pending in the Pennsylvania Court of Common Pleas ("Underlying Lawsuit"). Specifically, Plaintiff argues that neither policies issued to PAW, a primary policy and an umbrella policy, provide coverage to PAW for the following reasons: (I) because PAW has failed to carry its burden establishing coverage under these policies; (II) that the primary policy has a "professional services exclusion" that bars coverage, and (III) that the umbrella policy also has a "professional services exclusion" that bars coverage.

In response, PAW filed its Motion to Dismiss/Remand, arguing that the SAC should be dismissed because no actual controversy exists to be resolved under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  In the alternative, PAW asks that this Court decline to exercise discretionary jurisdiction and remand to state court.  The Court will address both of these in turn.

### A.     PAW's Motion to Dismiss Based on Lack of Controversy

PAW argues that Plaintiff is obligated to defend it in the Underlying Lawsuit "until it can confine the possibility of recovery to claims outside the coverage of the policy."  Defendant Pediatric Associates of Westmoreland, Ltd.'s Brief in Support of Motion to Dismiss or in the Alternative Remand to State Court ("Def. Brief ISO," Doc. 21) (internal quotations and citations omitted).  That is the very root of the controversy: Plaintiff argues that PAW has failed to meet its obligation that coverage applies in this case. It appears that Plaintiff views all counts of the Underlying Lawsuit as arising from a single action of medical malpractice, and thus outside the scope of coverage for the reasons it provides in the SAC—hence its decision to bring forth this declaratory action to clarify its obligations.

While PAW argues that under Pennsylvania law, "it is well settled that an insurance company has a duty to defend as long as the claims potentially fall under the policy," this controversy arises because Plaintiff argues in the SAC that the claims do not fall under the policy, and consequently, it does not have a duty to defend PAW in the underlying lawsuit.  Def. MTD/MTS at ¶14.  The parties have a fundamental disagreement as to Plaintiff's obligations under the various insurance policies, which is a controversy under the Declaratory Judgment Act.

### B. PAW's Motion to Remand to State Court

Both parties agree that the relevant standard to assess this Court's jurisdiction is set forth in Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014).  In Reifer, the Court of Appeals for the Third Circuit outlined the following factors for district courts to consider:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata;* and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Reifer, 751 F.3d at 146.

The Third Circuit noted that these factors are non-exhaustive, and there may be situations where district courts may look to other case law or considerations.  Specifically, the Third Circuit notes that district courts may find an earlier case, State Auto Ins. Cos. V. Summy, informative in the insurance context. 234 F.3d 131 (3d Cir. 2000).

The Court notes that, despite citing the Reifer factors, PAW's arguments rest upon cases preceding Reifer, and they do not perform an analysis of the Reifer factors, resting solely on Summy, which is distinguishable from the instant case primarily because in Summy, another declaratory judgment action existed in state court.  While the Court agrees that the controversy at hand, as a matter of law, could be resolved by the state courts, the other Reifer factors weigh in favor of exercising jurisdiction over this declaratory action. The Court notes that other courts

have found similarly, and finds such reasoning persuasive. See, e.g., Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234 (E.D. Pa. 2014). In conducting an analysis of the Reifer factors, the Court finds the following:

> (1) The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

A ruling on the declaratory judgment would resolve the controversy of whether Plaintiff is required to defend or indemnify PAW, weighing in favor of exercising jurisdiction.

> (2) the convenience of the parties;

All parties already have appeared and been served on this issue in front of this Court, weighing in favor of exercising jurisdiction.

> (3) the public interest in settlement of the uncertainty of obligation;

The Court finds this factor to be neutral, as the Court does not observe any particular special public interest in settling this matter.

> (4) the availability and relative convenience of other remedies;

The Court finds this factor to be neutral. Plaintiff could seek a remedy in state court, but that would be inconvenient considering that the proceeding is underway before this Court.

> (5) a general policy of restraint when the same issues are pending in a state court;

The Underlying Lawsuit is with respect to liability. There are no declaratory judgment actions regarding Plaintiff's obligation to provide coverage to PAW pending in a state court, weighing in favor of exercising jurisdiction.

> (6) avoidance of duplicative litigation;

No duplicative lawsuits exist, and remanding to state court would require Plaintiff to re-file and re-serve their complaint, weighing in favor of exercising jurisdiction.

(7) <u>prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*</u>;

The Court finds this factor neutral, as it does not see any issues of this nature in this case.

(8) <u>(in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion</u>.

The Court finds this factor neutral, as such conflict would exist in either case.

As no underlying state court action related to Plaintiff's declaratory judgment exists, the Court finds that judicial economy would be best served by exercising its discretionary jurisdiction on this matter under the <u>Reifer</u> factors.

Consistent with the foregoing, Defendant PAW's Motion to Dismiss or in the Alternative Remand to State Court (**Doc. 20**) is **DENIED**.

IT IS SO ORDERED.


September 16, 2020                                                    s\Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States District Judge


cc (via ECF email notification):

All Counsel of Record